# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| ALEXIS JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION dba BLUE CROSS BLUE SHIELD OF MONTANA, INC., and JOHN DOES 1-10.<br><br>Defendants. | Cause No: CV-25-99-GF-JTJ |
| KARA RUDDICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION dba BLUE CROSS BLUE SHIELD OF MONTANA, INC., and JOHN DOES 1-10.<br><br>Defendants. | Cause No.: CV-25-76-H-TJC |
| SHANNON CLINT BRYAN, CHARLES MCDONALD and WILSON WYLLIE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v. | Cause No.: CV-25-99-BU-TJC |

| | |
|---|---|
| HEALTH CARE SERVICE CORPORATION dba BLUE CROSS BLUE SHIELD OF MONTANA, INC., and JOHN DOES 1-10.<br><br>Defendants. | |
| LUCY WEINRICH and ZACHARY T. PEEVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION dba BLUE CROSS BLUE SHIELD OF MONTANA, INC.<br><br>Defendants. | Cause No.: CV-25-81-H-TJC |

**ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINTING INTERIM LEAD CLASS COUNSEL**

The plaintiffs in the above-captioned case have moved the Court for an order consolidating the actions and appointing John Heenan, J. Devlan Geddes, Raph Graybill, Domenic Cossi and David Paoli as interim Lead Class Counsel. Defendant does not object to the consolidation and takes no position on the appointment of interim Lead Class Counsel.

**A.     Consolidation.**

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when "the actions before the court involve a common question of law or fact . . . ."

2

Courts enjoy broad discretion when determining whether to consolidate cases. *Abbott v. Amazon.com Inc.*, 2023 WL 7496362, * 1 (W.D. Wash. November 13, 2023) (citation omitted). When analyzing whether to consolidate cases, "the [c]ourt should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *In re Paypal Honey Browser Extension Litigation*, 2025 WL 510434, * 1 (N.D. Cal. February 14, 2025) (citation omitted).

The parties assert consolidation would be appropriate for the Related Cases because the cases arise from the same data breach incident and allege substantially similar causes of action in their complaints. Additionally, the cases involve common questions of law, including whether there was a breach of a duty and whether any alleged breach resulted in the theft of personally identifiable information. Finally, as the litigation in both cases is just beginning, there will be significant judicial economy in consolidation which will benefit the parties by eliminating duplicative discovery and motion practice.

The Court agrees and finds that consolidation will promote judicial efficiency and will ensure consistent results for claims arising from the data breach at issue in these cases.

**B.    Interim Lead Class Counsel.**

The plaintiffs further request that John Heenan, J. Devlan Geddes, Raph Graybill, Domenic Cossi and David Paoli be appointed Interim Lead Class

Counsel pursuant to Fed.R.Civ.P. 23(g), which permits appointment of "interim counsel to act on behalf of a putative class action before determining whether to certify the action as a class action." When considering whether to appoint class counsel, interim or otherwise, the court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class". Fed.R.Civ.P. 23(g)(1)(A)(i-iv).

The Court has reviewed the facts submitted in briefing setting out counsels' general legal experience, experience specific to complex and/or class litigation, and their commitment to investigating and prosecuting the claims in these matters. The Court is satisfied that counsel is qualified to be appointed Interim Lead Class Counsel. Accordingly,

IT IS HEREBY ORDERED:

1. The Court hereby consolidates all actions under the docket number of the *Jackson* case (CV-25-99-GF-JTJ) with the master case caption *In Re: Health Care Service Corporation Data Breach Litigation*. The clerk is directed to administratively terminate all actions other than *Jackson* and is further directed to attach all counsel currently of record in the *Ruddick* (CV-25-76-H-TJC)*, Bryan*

(CV-25-99-BU-TJC) and *Weinrich* (CV-25-81-H-TJC) actions to the newly entitled *In re: Health Care Service Corporation Data Breach Litigation* case.

2.	Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this Court.

3.	If the Court determines that the case is related, the clerk shall:

a.	Place a copy of this order in the separate file for such action;

b.	Serve on Plaintiffs' counsel in the new case a copy of this order;

c.	Direct that this order be served upon Defendant(s) in the new case; and

d.	Make appropriate entry in the Master Docket.

4.	The Court hereby appoints John Heenan of Heenan & Cook, J. Devlan Geddes of Goetz, Geddes & Gardner, Raph Graybill of Graybill Law Firm, Domenic Cossi of Western Justice Associates, PLLC and David Paoli of Paoli Law Firm as Interim Lead Class Counsel.

5.	Interim Lead Class Counsel is designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of

work amongst all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Lead Class Counsel are as follows:

    a.    Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b.    Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

    c.    Convene meetings amongst counsel;

    d.    Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

    e.    Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

    f.    Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g.    Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

      h.      Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

      i.      Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

      j.      Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

      k.      Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

      l.      Make available to other Plaintiffs' counsel documents produced by the Defendant; and

      m.      Allocate any attorneys' fees between all Plaintiffs' counsel.

      6.      Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Lead Class Counsel and no other Plaintiffs' counsel or law firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Lead Class Counsel.

      7.      Interim Lead Class Counsel shall have sole authority to communicate

with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Lead Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

8. This order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data incident underlying this litigation.

9. Interim Lead Class Counsel must serve a copy of this order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Lead Class Counsel is aware or becomes aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions.

10. Plaintiffs in the Consolidated Action shall file a consolidated complaint within 45 days of this order. The Defendant shall file a responsive pleading 45 days after the filing of the Consolidated Complaint.

DATED this 30th day of November, 2025.

_____
John Johnston
United States Magistrate Judge